McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2770

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-cr-0424 FCD |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| MAX PRUITT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   Based upon the plea agreement entered into between plaintiff United States of America and defendant Max Pruitt, it is hereby
   ORDERED, ADJUDGED AND DECREED as follows:
   1.  Pursuant to 18 U.S.C. § 2253, the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a.  One Western Digital Caviar 26400 IDE hard drive, serial number WT609;

   b.  One Dell Optiplex hard drive, removed from a Dell Optiplex GX110 computer, serial number 14GPG01; and

   c.  One Dell Optiplex GX110 computer, serial number 14GPG01.

   2.  The above-listed property constitutes property which

1 contains visual depictions produced, transported, shipped or
2 received in violation of 18 U.S.C. § 2252(a)(4)(B), or was property
3 used or intended to be used in any manner or part to commit and to
4 promote the commission of a violation of 18 U.S.C. § 2252(a)(4)(B).
5    3.   Pursuant to Rule 32.2(b), the Attorney General (or a
6 designee) shall be authorized to seize the above-listed property.
7 The aforementioned property shall be seized and held by the
8 Department of Homeland Security, Customs and Border Protection, in
9 its secure custody and control.
10   4.   a.   Pursuant to 18 U.S.C. § 2253(b), incorporating 21
11 U.S.C. § 853(n), and Local Rule 83-171, the United States forthwith
12 shall publish at least once for three successive weeks in the
13 <u>Oroville Mercury Register</u> (Butte County), a newspaper of general
14 circulation located in the county in which the above-listed property
15 was seized, notice of this Order, notice of the Department of
16 Homeland Security, Custom and Border Protection's (or a designee's)
17 intent to dispose of the property in such manner as the Attorney
18 General and/or Secretary of Treasury may direct, and notice that any
19 person, other than the defendant, having or claiming a legal
20 interest in the above-listed property must file a petition with the
21 Court within thirty (30) days of the final publication of the notice
22 or of receipt of actual notice, whichever is earlier.
23        b.   This notice shall state that the petition shall be for
24 a hearing to adjudicate the validity of the petitioner's alleged
25 interest in the property, shall be signed by the petitioner under
26 penalty of perjury, and shall set forth the nature and extent of the
27 petitioner's right, title or interest in the property and any
28 additional facts supporting the petitioner's claim and the relief

sought.

    c.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2253 in which all interests will be addressed.

SO ORDERED this <u>22nd</u> day of <u>July</u>, 2008.

                                                    */s/ Frank C. Damrell, Jr.*
                                          FRANK C. DAMRELL, JR.
                                          United States District Judge